Jonathan S. Krause, Esquire (I.D. No. 029262004)
Corinne S. Brennan, Esquire (I.D. No. 015082007)
KLEHR HARRISON HARVEY BRANZBURG LLP
457 Haddonfield Road, Suite 510
Cherry Hill, New Jersey 08002-2220
(t) (856) 486-7900
jkrause@klehr.com
cbrennan@klehr.com

Neal P. Panish, Esq. (CA. SBN 131750)
Adam Gordon, Esq. (CA. SBN 261386)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California 92101-8177
(t) (619) 685-3003
panish@scmv.com
[Pro Hac Vice, Application Forthcoming]

Attorneys for Plaintiff PROGRESSIVE
HEALTH SUPPLY & SOURCE CORP.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROGRESSIVE HEALTH SUPPLY & SOURCE CORP., | CIVIL ACTION |
| Plaintiff, | Case No. |
| v. | |
| BIOSENSE MEDICAL DEVICES, LLC, GREGORY SANTULLI, and SCOTT CLIMES, jointly, severally, and in the alternative, | |
| Defendants. | **COMPLAINT** |

Plaintiff PROGRESSIVE HEALTH SUPPLY & SOURCE CORP., by way of Complaint against Defendants BIOSENSE MEDICAL DEVICES, LLC, GREGORY SANTULLI, and SCOTT CLIMES, says the following:

1

## I.  INTRODUCTION

1. This action arises out of the failure of Defendants Biosense Medical Devices, LLC, Gregory Santulli, and Scott Climes to make payment in full on account of certain amounts due and owing to Plaintiff Progressive Health Supply & Source Corp. pursuant to certain written agreements executed by the defendant parties, as more particularly described herein.

2. Defendant Biosense Medical Devices, LLC contracted with Plaintiff Progressive Health Supply & Source Corp. to be the exclusive marketer and distributor of medical devices developed and manufactured by the plaintiff.

3. Defendants Biosense Medical Devices, LLC, Gregory Santulli, and Scott Climes irrevocably, absolutely, and unconditionally guaranteed to Plaintiff Progressive Health Supply & Source Corp. the due and punctual payment in full of all indebtedness, obligations, and liabilities incurred by Defendant Biosense Medical Devices, LLC in conjunction with its distribution and marketing agreement as described herein.

4. When Defendant Biosense Medical Devices, LLC defaulted on its payment obligations to Plaintiff Progressive Health Supply & Source Corp. under their distribution and marketing agreement, all three defendants to this action failed to make payment in full to the plaintiff as required by their respective guarantee and security agreements.

5. Accordingly, pursuant to this action, Plaintiff Progressive Health Supply & Source Corp. asserts claims against all three defendants for breach of their obligations under their respective guarantee and security agreements.

## II.  PARTIES

6. Plaintiff Progressive Health Supply & Source Corp. ("Progressive Health") is a Delaware corporation, with a principal place of business in Eatontown, New Jersey.

7. Defendant Biosense Medical Devices, LLC ("BMD") is a Georgia limited liability company with a principal place of business in Lawrenceville, Georgia.

8. Defendant Scott Climes ("Climes") is an adult individual residing in the State of California.

9. Defendant Gregory Santulli ("Santulli" and, together with BMD and Climes, the "Defendants") is an adult individual residing in the State of Georgia.

10. Plaintiff alleges that at all times herein mentioned, each of the Defendants was the principal, agent, employee, representative, trustee, joint venture, partner and/or co-conspirator of each and every or all of the other Defendants, and was acting or was being acted for within the scope and authority of such agency, employment, representation, trust, joint venture and/or partnership while doing, or omitting to do, the acts alleged in this Complaint, and with the permission, approval, consent and ratification of all other Defendants.

### III.   JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a).

12. At all material times, there is and was complete diversity of citizenship between (a) citizens of different states; and (b) citizens of different States and in which citizens or subjects of a foreign state are additional parties.

13. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees, and costs.

14. This Court has personal jurisdiction over the Defendants, in that the parties negotiated, entered into, became obligated and/or performed, at least in part, the business relationships and agreements described herein, in the district of this Court.

15. Further, Paragraph 9(j) of the Distribution Agreement (as defined below) provides:

> Governing Law/Jurisdiction. This Agreement shall be governed by and construed in accordance with the laws of the United States and the State of New Jersey without giving effect to its conflict of law provisions. Jurisdiction and venue for any suit or proceeding arising under this Agreement or the relationship of the parties shall lie in the courts in the State of New Jersey.

16. Paragraph 4(g) of both the Climes Guaranty (as defined below) and Santulli Guaranty (as defined below) provides:

> GOVERNING LAW. THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES UNDER THIS AGREEMENT SHALL BE GOVERNED BY, AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW JERSEY.

17. Paragraph 4(h) of both the Climes Guaranty and Santulli Guaranty also provides:

> CONSENT TO JURISDICTION. ANY LEGAL ACTION OR PROCEEDING AGAINST THE GUARANTOR WITH RESPECT TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW JERSEY LOCATED IN MONMOUTH COUNTY OR OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW JERSEY, AND, BY EXECUTION AND DELIVERY OF THIS AGREEMENT, THE GUARANTOR HEREBY IRREVOCABLY ACCEPTS FOR ITSELF AND IN RESPECT OF ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE NON-EXCLUSIVE JURISDICTION OF THE AFORESAID COURTS. THE GUARANTOR FURTHER IRREVOCABLY CONSENTS TO THE SERVICE OF PROCESS OUT OF ANY OF THE AFOREMENTIONED COURTS IN ANY SUCH ACTION OR PROCEEDING BY THE MAILING OF COPIES THEREOF BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID, TO THE GUARANTOR AT ITS ADDRESS AS SET FORTH BELOW. NOTHING HEREIN SHALL AFFECT THE RIGHT OF LENDER TO SERVE PROCESS IN ANY OTHER MANNER PERMITTED BY LAW OR TO COMMENCE LEGAL PROCEEDINGS OR OTHERWISE PROCEED AGAINST THE GUARANTOR IN ANY OTHER JURISDICTION.

THE GUARANTOR HEREBY IRREVOCABLY WAIVES ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF VENUE OF ANY OF THE AFORESAID ACTIONS OR PROCEEDINGS ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT IN THE COURTS REFERRED TO ABOVE AND HEREBY FURTHER IRREVOCABLY WAIVES AND AGREES NOT TO PLEAD OR CLAIM IN ANY SUCH COURT THAT ANY SUCH ACTION OR PROCEEDING BROUGHT IT [SIC] ANY SUCH COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

### IV. FACTUAL BACKGROUND

18. On or about July 23, 2009, BMD entered into a Distribution Agreement with Progressive Health, whereby BMD agreed to purchase and distribute a glucose monitor and related products, as more particularly set for in Exhibit "A," attached hereto and incorporated herein by reference (the "Distribution Agreement").

19. BMD initially agreed to pay those amounts that were due and outstanding to Progressive Health pursuant to, and incurred in conjunction with, the Distribution Agreement in advance of shipment.

20. Thereafter, Progressive Health caused products, as described in the Distribution Agreement, to be delivered to BMD based upon orders made by BMD.

21. In or about March of 2013, BMD agreed to pay Progressive Health for all orders made under the Distribution Agreement within thirty (30) days of invoice.

22. As security for this payment arrangement, on or about March 1, 2013, BMD executed a written Guarantee and Security Agreement, as more particularly set forth in Exhibit "B," attached hereto and incorporated herein by reference (the "BMD Guaranty").

23. Pursuant to the BMD Guaranty, BMD irrevocably, absolutely, and unconditionally guaranteed the payment of one or more accounts for the purchase of certain

products (together, the "Accounts") consistent with the Distribution Agreement.  See Exhibit "B", ¶ 1.

24.  Also pursuant to the BMD Guaranty, BMD granted a security interest in the following collateral (the "Collateral"): "(i) any and all inventory or proceeds thereof now or hereafter in or credited to [BMD] under the Distribution Agreement ('the Inventory'); (ii) all credit balances, accounts, contract rights, general intangibles, instruments, chattel paper, documents, monies, certificates of deposit and other property of whatever kind or description now or hereafter held in or credited under the Distribution Agreement; and (iii) all dividends, interest and proceeds of any of the property described in clauses (i) and (ii) above, without limitation, proceeds of proceeds." See id. at ¶ 3.

25.  As further security for BMD's payment arrangement, on or about March 1, 2013, Climes executed a written Guarantee and Security Agreement, as more particularly set forth in Exhibit "C," attached hereto and incorporated herein by reference (the "Climes Guaranty").

26.  Pursuant to the Climes Guaranty, Climes also irrevocably, absolutely, and unconditionally individually and jointly guaranteed the payment of the Accounts.  See Exhibit "C", ¶ 1.

27.  On or about March 1, 2013, Santulli also executed a written Guarantee and Security Agreement, as more particularly set forth in Exhibit "D," attached hereto and incorporated herein by reference (the "Santulli Guaranty" and, together with the BMD Guaranty and the Climes Guaranty, the "Guaranty Agreements").

28.  Pursuant to the Santulli Guaranty, Santulli also irrevocably, absolutely, and unconditionally individually and jointly guaranteed the payment of the Accounts.  See Exhibit "D", ¶ 1.

29. BMD defaulted on its obligations under the Distribution Agreement by failing to pay for orders within thirty (30) days after invoice.

30. BMD is in default of its obligations pursuant to the BMD Guaranty by way of its failure to pay the sums due and owing to Progressive Health under the Accounts.

31. Climes is in default of his obligations pursuant to the Climes Guaranty by way of his failure to pay the sums due and owing to Progressive Health under the Accounts.

32. Santulli is in default of his obligations pursuant to the Santulli Guaranty by way of his failure to pay the sums due and owing to Progressive Health under the Accounts.

33. On or about June 17, 2016, Progressive Health provided the Defendants notice of their defaults under the Guaranty Agreements described herein, including their failures to pay amounts due and owing, which default, to date, the Defendants have failed to cure and/or pay.

34. As of June 1, 2016, the Defendants, jointly, severally, or in the alternative, owe damages to Progressive Health under the agreements alleged herein and/or by assignment for breach of their obligations under the respective agreements, excluding interest, fees, and costs, in an amount in excess of $75,000.00.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract Claim Against BMD)

35. Progressive Health incorporates by reference the allegations of Paragraphs 1 through 34 above, as if set forth fully herein.

36. The Distribution Agreement is a valid and enforceable contract between Progressive Health and BMD that provides, *inter alia*, for the promotion, marketing, sale, and support of products developed and manufactured by Progressive Health.

PHIL1 5616939v.3

37.     BMD defaulted on its obligations under the Distribution Agreement by failing to pay for orders made pursuant to the Distribution Agreement for more than thirty (30) days after invoice.

38.     The BMD Guaranty is also a valid and enforceable contract between Progressive Health and BMD that requires BMD to, *inter alia*, make punctual payment to Progressive Health on account of all indebtedness incurred by BMD under the Distribution Agreement and/or in conjunction with the Accounts.

39.     As more fully set forth above, BMD is in default of its obligations under the BMD Guaranty as a result of its failure to pay the Accounts due and owing to Progressive Health in full.

40.     As a result of this default, and as detailed above, Progressive Health has been damaged in an amount in excess of $75,000.00, exclusive of interest, fees, and costs.

41.     As a result of BMD's breach of its obligations pursuant to the BMD Guaranty, Progressive Health is furthermore entitled to exercise its rights to foreclose on the Collateral.

WHEREFORE, Progressive Health respectfully requests (a) the entry of judgment in its favor and against BMD, jointly, severally, or in the alternative, in an amount in excess of $75,000.00; (b) authorization to foreclose upon the Collateral; and (c) such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(Breach of Contract Against Climes)

42.     Progressive Health incorporates by reference the allegations of Paragraphs 1 through 41 above, as if set forth fully herein.

43. The Distribution Agreement is a valid and enforceable contract between Progressive Health and BMD that provides, *inter alia*, for the promotion, marketing, sale, and support of products developed and manufactured by Progressive Health.

44. BMD defaulted on its obligations under the Distribution Agreement by failing to pay for orders made pursuant to the Distribution Agreement for more than thirty (30) days after invoice.

45. The Climes Guaranty is a valid and enforceable contract between Progressive Health and Climes that requires Climes to, *inter alia*, make punctual payment to Progressive Health on account of all indebtedness incurred by BMD under the Distribution Agreement and/or in conjunction with the Accounts.

46. As more fully set forth above, Climes is in default of his obligations under the Climes Guaranty as a result of his failure to pay the Accounts due and owing to Progressive Health in full.

47. As a result of this default, and as detailed above, Progressive Health has been damaged in an amount in excess of $75,000.00, exclusive of interest, fees, and costs.

WHEREFORE, Progressive Health respectfully requests (a) the entry of judgment in its favor and against Climes, jointly, severally, or in the alternative, in an amount in excess of $75,000.00; and (b) such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(Breach of Contract Against Santulli)

48. Progressive Health incorporates by reference the allegations of Paragraphs 1 through 47 above, as if set forth fully herein.

PHIL1 5616939v.3

49. The Distribution Agreement is a valid and enforceable contract between Progressive Health and BMD that provides, *inter alia*, for the promotion, marketing, sale, and support of products developed and manufactured by Progressive Health.

50. BMD defaulted on its obligations under the Distribution Agreement by failing to pay for orders made pursuant to the Distribution Agreement for more than thirty (30) days after invoice.

51. The Santulli Guaranty is a valid and enforceable contract between Progressive Health and Santulli that requires Santulli to, *inter alia*, make punctual payment to Progressive Health on account of all indebtedness incurred by BMD under the Distribution Agreement and/or in conjunction with the Accounts.

52. As more fully set forth above, Santulli is in default of his obligations under the Santulli Guaranty as a result of his failure to pay the Accounts due and owing to Progressive Health in full.

53. As a result of this default, and as detailed above, Progressive Health has been damaged in an amount in excess of $75,000.00, exclusive of interest, fees, and costs.

WHEREFORE, Progressive Health respectfully requests (a) the entry of judgment in its favor and against Santulli, jointly, severally, or in the alternative, in an amount in excess of $75,000.00; and (b) such other and further relief as this Court deems just and proper.

Respectfully submitted:

By:   */s/Jonathan S. Krause*
Jonathan S. Krause, Esq.
Corinne S. Brennan, Esq.
**KLEHR HARRISON HARVEY BRANZBURG LLP**
457 Haddonfield Road, Suite 510
Cherry Hill, New Jersey 08002-2220
(t) (856) 486-7900
jkrause@klehr.com
cbrennan@klehr.com

--and--

Neal P. Panish, Esq. (CA. SBN 131750)
Adam Gordon, Esq. (CA. SBN 261386)
SELTZER CAPLAN McMAHON VITEK
[Pro Hac Vice, Application Forthcoming]

Dated: August 12, 2016

## CERTIFICATION PURSUANT TO L.R. 11.2

The undersigned hereby certifies that, to the best of his knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                   **KLEHR HARRISON HARVEY BRANZBURG LLP**

By:   */s/Jonathan S. Krause*
       Jonathan S. Krause, Esq.
       Corinne S. Brennan, Esq.

1