NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PROGRESSIVE HEALTH SUPPLY &
SOURCE CORP.,

    Plaintiff,

v.

BIOSENSE MEDICAL DEVICES, LLC,
GREGORY SANTULLI, and SCOTT
CLIMES, jointly, severally, and in the
alternative,

    Defendants.

Civ. No. 16-4965

MEMORANDUM OPINION

RECEIVED

AUG 29 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter has come before the Court on the motion to dismiss and to compel arbitration pursuant to Fed. R. Civ. P. 12(b)(6) brought by Defendant Biosense Medical Devices, LLC ("Defendant Biosense").[1] (ECF No. 19). Plaintiff Progressive Health Supply & Source Corp. ("Plaintiff") opposes. (ECF No. 25). The Court has decided the motion based on the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant Biosense's motion is denied without prejudice.

## BACKGROUND

This case arises out of all three Defendants' alleged failure to make full payments on amounts owed to Plaintiffs. (Compl. ECF No. 2, at ¶ 1). Generally, Plaintiff's allegations are as follows: Defendant Biosense contracted with Plaintiff to be the exclusive marketer and

---

[1] The Court notes that the motion is unclear as to whether the motion is brought only on behalf of Defendant Biosense or on behalf of all Defendants. (*See* Def.'s Mot, ECF No. 19 at 1).

1

distributor of medical devices manufactured and developed by Plaintiff. (*Id.* at ¶ 2). Defendant guaranteed the payment in full of all obligations incurred by Defendant Biosense in connection with the aforementioned agreement. (*Id.* at ¶ 3). Defendant Biosense defaulted on its payment obligations to pay Plaintiff, and all three Defendants failed to make payment in full. (*Id.* at ¶ 4).

Plaintiff specifically alleges that on July 23, 2009, Plaintiff and Defendant Biosense entered into a Distribution Agreement, whereby Biosense agreed to purchase and distribute certain products. (*Id.* ¶ 18). Subsequently, Plaintiff caused the products listed in the Distribution Agreement to be delivered, and on or about March 2013, Biosense agreed to pay Plaintiff for all orders made under the Distribution Agreement within thirty days of invoice. (*Id.* ¶ 21). On March 1, 2013, Biosense and Plaintiff executed a written Guarantee and Security Agreement ("Biosense Guaranty") reflecting and guaranteeing the payment arrangement. (*Id.* ¶ 22–23). Biosense granted Plaintiff a security interest in certain collateral under the Biosense Guaranty. (*Id.* ¶ 24). Also on March 1, 2013, Defendant Climes and Defendant Santulli similarly entered into separate written Guarantee and Security Agreements with Plaintiff. (*Id.* ¶¶ 25–28).

Subsequently, Biosense defaulted on its payment obligations by failing to pay for orders within thirty days of invoice. (*Id.* ¶ 29). As a result, all three defendants are in default of their obligations under the respective Guarantee and Security Agreements. (*Id.* ¶¶ 30–32).

The Complaint contains three separate counts: 1) Breach of Contract claim against Biosense; 2) Breach of Contract claim against Climes; and 3) Breach of Contract claim against Santulli. (*Id.* ¶¶ 35–53). On August 12, 2016, Plaintiff filed the Complaint in this matter. (*See* Compl.). On October 28, 2016, Defendants filed an Answer. (ECF No. 10). The parties then engaged in discovery. (*See, e.g.*, ECF Nos. 14, 15, 20). On May 23, 2017, Defendant filed the instant motion to dismiss and to compel arbitration pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 19).

## DISCUSSION

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Here, Defendants filed a motion to dismiss and to compel arbitration pursuant to Fed. R. Civ. P. 12(b)(6) and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§2-4. (Defs.'s Br., ECF No. 19-1 at 1). Defendants argue that among the debts that Plaintiff seeks to recover, is a debt allegedly owed by Biosense to a non-party, BioTest Medical. BioTest Medical allegedly assigned this debt to Plaintiff. Defendants argue that this debt originally owed to BioTest Medical relates to a Global Distribution Agreement that contains an unambiguous arbitration clause. (*Id.*). As a result, Defendants argue that any of Plaintiff's claims for money originally

owed to BioTest Medical—which Defendants argue is approximately $2.6 million dollars—should be dismissed and submitted to arbitration. (*Id.* at 1–2).

In opposition, Plaintiff argues that the parties never intended to enter into an enforceable arbitration agreement; that the claims at issue also fall within the scope of the respective Guarantee Agreements entered into between the parties and are to be adjudicated in a New Jersey Court; that even if an enforceable arbitration agreement exists, Defendants waived their right to arbitrate; and that if the Court finds that there is an enforceable arbitration agreement, the Court must stay the case pending the results of arbitration, rather than dismiss the case. (*See* Pl.'s Opp'n Br., ECF No. 25).

However, the Court must first determine the appropriate standard the Defendant's motion is to be analyzed under. The Third Circuit recently addressed when a District Court should apply the 12(b)(6) standard versus the Rule 56 summary judgment standard when faced with a motion to compel arbitration. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013). The *Guidotti* Court summarized that:

> when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question. After limited discovery, the Court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Id.* at 776 (internal citations and quotations omitted).

Here, it appears that both situations discussed by the *Guidotti* Court that could trigger the application of a Rule 56 summary judgment standard may be present. First, Defendant's motion to compel arbitration is based on a document titled "Global Distribution Agreement" purportedly

4

entered into between Defendant Biosense and non-party BioTest Medical. (*See* Def.'s Br. at 1–2). However, neither the Global Distribution Agreement nor the arbitration clause in question here are explicitly stated, referenced in, or attached to Plaintiff's Complaint. Therefore, the arbitrability of Plaintiff's claims is unclear and not apparent on the face of the Complaint. Additionally, Plaintiff responded to Defendant's motion to compel arbitration with additional facts, deposition transcripts, written discovery responses, and witness declarations which challenge the validity and enforceability of the Arbitration Agreement. As a result, the Court is persuaded that it must analyze Defendant's motion under the summary judgment standard.

In *Guidotti*, the motion to compel arbitration was filed prior to discovery. *See* 716 F.3d at 772. Here, however, it appears that the parties have already engaged in extensive discovery, including discovery related to whether the parties agreed to arbitrate the claims at issue. (*See, e.g.*, ECF Nos. 15, 20, 34). Despite this, Defendant filed its motion to compel arbitration pursuant to Fed. R. Civ. P. 12(b)(6). The Court is not persuaded that it has appropriate briefing before it which would enable the Court to decide the motion under a Rule 56 standard. Therefore, Defendant's motion to dismiss and to compel arbitration pursuant to Fed. R. Civ. P. 12(b)(6) is denied without prejudice. If Defendant is so inclined, it may renew its motion to compel arbitration as a summary judgment motion under Fed. R. Civ. P. 56.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied without prejudice. If Defendant chooses to do so, it may renew its motion to compel arbitration as a summary judgment motion under Fed. R. Civ. P. 56 within the next 21 days. An appropriate order follows.

Date: 8/29/17

ANNE E. THOMPSON, U.S.D.J.

5